IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LYLE HERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-6046-SSA-CV-SJ-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Lyle Herman seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on October 31, 2002. The parties' briefs were fully submitted, and on November 29, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

      The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

      If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

      When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

      Claimant Lyle Herman was born in 1951 and completed either the ninth or eleventh grade.  He previously worked as a machinist and claims disability based upon herniated disks, radiculopathy and right foot drop.  He testified that he no longer drives and is in constant pain.  He watches television, can walk about one block and can stand for about fifteen minutes.

The Administrative Law Judge (ALJ) found that Herman had a herniated disk. He could not return to his former work, but could do a significant range of light work such as a bench assembler, light packer or machine operator.

Claimant asserts the ALJ erred in determining Herman's residual functional capacity and in making a credibility finding.

The court has carefully reviewed the record and considered the parties' briefs and oral arguments. The medical records clearly document a back problem with herniated disks and a foot/leg problem with severe right common peroneal neuropathy distal to the short head of the biceps. The medical records do not, however, appear complete in that they do not show what claimant is capable of doing, a course of treatment or his treating physicians' opinions as to his limitations.

A more serious problem is found with the ALJ's credibility finding. It is not well explained, and thus, is not readily supported by substantial evidence on the record as a whole. As a result, the decision may have been based, in part, on observations outside of the record, inferences that were not connected to the record through explanation, and/or on perceived medical information not submitted by qualified medical professionals.

For these reasons and those set forth more fully in claimant's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for reconsideration after further development of the record and/or a consultative examination [6].

Dated this 6th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge